# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-8787 FMO (Ex) | Date | November 6, 2018 |
| Title | Terry Fabricant v. ABC Global Systems, Inc. | | |

Present: The Honorable    Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):      Attorney Present for Defendant(s):

None Present      None Present

**Proceedings:**     (In Chambers) Order to Show Cause Re: Personal Jurisdiction and Venue

    On October 12, 2018, Terry Fabricant ("plaintiff") filed a Complaint against defendant ABC Global Systems, Inc. ("defendant") alleging negligent and willful violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b) ("TCPA"). (See Dkt. 1, Complaint at ¶¶ 27-34). In her Complaint, plaintiff asserts that she is a resident of Winnetka, California, that defendant is a "New York corporation[,]" (id. at ¶ 2), and that the court has subject matter jurisdiction under 28 U.S.C. § 1331 because the case arises under a federal statute.[1] Plaintiff alleges that venue is proper because "Defendant does business within the State of California and Plaintiff resides within the County of Los Angeles." (Id. at ¶ 3).

    A defendant may be subject to either general or specific personal jurisdiction. See Daimler AG v. Bauman, 571 U.S. 117, 126, 134 S.Ct. 746, 754 (2014). General jurisdiction applies when a defendant's contacts with the forum state are "so continuous and systematic as to render it essentially at home." Id. at 138, 134 S.Ct. at 761 (quotation and alteration marks omitted). The court may assert specific personal jurisdiction over a nonresident defendant if three requirements are met: "(1) [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). The court engages in "purposeful availment" analysis for contract cases and "purposeful direction" analysis for tort cases. See id. The court's analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." Walden v. Fiore, 571 U.S. 277, 284, 134 S.Ct. 1115, 1122 (2014). "[T]he plaintiff

---

[1] Given that the case was brought under a federal statute, it is unclear why plaintiff asserts subject matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). (See Dkt. 1, Complaint at ¶ 2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-8787 FMO (Ex) | Date | November 6, 2018 |
|---|---|---|---|
| Title | Terry Fabricant v. ABC Global Systems, Inc. | | |

cannot be the only link between the defendant and the forum." Id.

Plaintiff generally alleges that defendant "contacted Plaintiff on Plaintiff's cellular telephone . . . in an attempt to solicit Plaintiff to purchase Defendant's services." (Dkt. 1, Complaint at ¶ 8). Plaintiff does not allege any specific contacts between defendant and the state of California, nor how her causes of action arise out of or relate to those contacts. (See, generally, Dkt. 1, Complaint); see, e.g., Abedi v. New Age Med. Clinic PA, 2018 WL 3155618, *4-*5 (E.D. Cal. 2018) (that defendant texted plaintiff's cell phone while she lived in California was insufficient for personal jurisdiction where there was no evidence that defendant knew that it was sending text messages into California). Plaintiff also does not allege any facts showing that the events giving rise to this litigation occurred in this district. (See, generally, id.).

Accordingly, IT IS ORDERED that no later than **November 15, 2018**, plaintiff shall show cause in writing why this action should not be dismissed for lack of personal jurisdiction or transferred for lack of proper venue. **Failure to respond to this order to show cause by the deadline set forth above shall be deemed as consent to either: (1) the dismissal of the action without prejudice for lack of personal jurisdiction and/or failure to comply with a court order; or (2) transfer of the instant action to the appropriate venue**.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |